GUSTAVE SHIFF AND WILLIAM D. CLARK, APPELLANTS, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Bill of lading — when a prior verbal agreement is not merged in it — when a common carrier is not liable for an injury sustained beyond its route.*

The plaintiffs made an oral contract with the agent of the "Red Line" to transport goods from New York to St. Joseph in a refrigerator car. The contract was made January 27, 1872, but the bill of lading was not received by plaintiffs until between five and six in the afternoon of that day, when it was too late to retake the goods, as the train on which they were, left at half-past five. The bill of lading omitted to state "refrigerator car, through;" but, when spoken to, the agent said that it did not make any difference; that the car would go through all right. *Held,* that the verbal agreement was not merged in the bill of lading.

The "Red Line" consisted of several connecting common-carriers, of which the defendant herein was one, and the bill of lading provided that the responsibility of the companies should terminate on the delivery of the freight, as per bill of lading, to the connecting company. The freight was carried by the defendant and delivered to the connecting carrier, as required by the contract. *Held,* that it was not liable for any subsequent injury to the goods.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

This action was brought to recover the value of oranges and lemons shipped by the plaintiffs at New York, 27th of January, 1872, to St. Joseph, Mo., by the "Red Line," under an agreement calling for the carriage through of the goods in a "refrigerator car," and which agreement was broken by the transfer of the goods from a refrigerator car to an ordinary box-car, and by delay in performing the carriage, so that the goods arrived at St. Joseph frozen, and worth not more than the freight charges.

The court in its decision found, among other things, that the one hundred and thirty-four cases of oranges and twenty-five

boxes of lemons mentioned in the complaint were delivered to the defendants on the 27th day of January, 1872, and were loaded by defendants into Refrigerator Red Line car No. 3,699; that said Refrigerator Red Line car No. 3,699, containing said oranges and lemons, was run by the defendants to Buffalo, the western terminus of their railroad, and there delivered by the defendants on the 29th day of January, 1872, at five o'clock P. M., to the Lake Shore and Michigan Southern Railroad Company, a railroad company whose line formed a part of the route to the place of destination of said oranges and lemons, viz., St. Joseph, Mo., to be forwarded from Buffalo aforesaid; that said Refrigerator Red Line car No. 3,699, containing said oranges and lemons, while on the way to the place of destination aforesaid, became disabled at Toledo, and the said oranges and lemons were therefore, on the 6th day of February, 1872, transferred from said refrigerator car No. 3,669 to a box car and therein forwarded from Toledo to St. Joseph, and arrived thereafter at St. Joseph with said oranges and lemons frozen; that the plaintiffs, who are and were merchants doing business in the city of New York, were the owners of said goods, which they desired to ship and send through in a refrigerator car from New York to St. Joseph, Mo., consigned to Foster & Tousley at that place, the plaintiffs having an order for these goods to be shipped through in a refrigerator car, and it was verbally agreed between the plaintiffs Clark and Cross, representing the Red Line, that the goods should be sent in a refrigerator car through to St. Joseph, said agreement being made January 27, 1872; that after the goods were shipped in the afternoon of Saturday, the 27th January, 1872, the plaintiffs sent their clerk, Wandell, to the office of the defendants for a bill of lading in accordance with said contract. Wandell, at said office, requested Mr. Cross to have the words "in a refrigator car" put in said bill of lading. Cross said he could not put it in, and it was not necessary. He had arranged about having the goods go through and would telegraph on. He said it was not necessary to put in the words "refrigerator car." That said Wandell went back to plaintiffs' office and reported to Mr. Clarke what Cross had told him. That the bill of lading received by said Wandell from said Cross is in the words and figures following, to wit:

GREAT AMERICAN "RED LINE" ROUTE.

FROM THE ATLANTIC TO THE PACIFIC OCEANS WITHOUT CHANGE OF CARS.

By arrangement between the following railroad companies, viz.: Boston and Albany R. R., Providence and Worcester R. R., Housatonic R. R., Worcester and Nashua R. R., N. Y. Central and Hudson River R. R. Lake Shore and Mich. Southern Railway. * * *

NEW YORK, *Jan.* 27, 1872.

Received from Shiff & Clark the following packages in apparent good order, contents and value unknown: * * * To be transported over the line and delivered in like good order to the consignee or owner at St. Joseph, or to the next company or carriers (if the same are to be forwarded beyond) for them to deliver to the place of destination of said goods or packages, it being distinctly understood that these companies shall not be responsible as common-carriers for said goods while at any of their stations awaiting delivery to such consignee or carrier, the companies being liable as warehouse men only. * * *

C. V. CROSS,
*N. Y. Agent.*

That it was between five and six o'clock in the same afternoon that said bill of lading was received by the plaintiffs at their office from Wandell with the words "in a refrigerator car" omitted, and it was then too late to do anything about it, as the train went out at half-past five o'clock; that on Monday morning following Mr. Clarke, one of the plaintiffs, saw Mr. Cross and asked him why they did not put in the words "refrigerator car through" in the bill of lading, and he (Cross) said "he did not like to put that in; it did not make a particle of difference, the car would go through all right; they had telegraphed to have it go through and that I need not worry a particle." The court found, as conclusions of law, First. That the verbal agreement between Clarke, on the part of the plaintiffs, and Cross, representing the Red Line, was not merged in the bill of lading hereinbefore set forth, but that said bill of lading was to be read and construed as if the same contained, in addition to its other provisions, said verbal

agreement. Second. That the defendants were not liable for any delay in the arrival of said oranges and lemons at St. Joseph, nor for any injury to the same by being frozen or otherwise, which occurred after the delivery of the same by the defendants in due time and in good order and condition to the Lake Shore and Michigan Southern Railroad Company. Third. That the defendants were entitled to judgment against the plaintiffs, dismissing the complaint herein with costs.

*F. R. Sherman*, for the appellants.

*Frank Loomis*, for the respondent.

BRADY, J.:

Upon the decision of this case in the court below, the learned judge delivered the following opinion :

LAWRENCE, J. :

The evidence appears to me to establish, that the agreement between the plaintiff Clark, and Cross representing the Red Line, was that the goods should be sent in a refrigerator car through to St. Joseph ; nor do I think that the plaintiffs were precluded by the receipt of a bill of lading, in which this provision was omitted, from insisting upon the agreement as made verbally between Clark and Cross. The evidence establishes that shortly after the young man Wandell came back to the plaintiffs' office, one of the plaintiffs saw Cross and asked him why "they did not put in the words 'refrigerator car through,'" and he (Cross) said he did not like "to put that in ; it did not make a particle of difference, the car would go through all right ; they had telegraphed to have it go, and I need not worry a particle." Clark further testifies that it was between five and six o'clock when they received the bill of lading, and after the goods were shipped ; and that it was too late to see anybody or do anything about it, because the train went out at half-past five o'clock. The verbal agreement was not, therefore, merged in the bill of lading. (See *Bostwick* v. *Baltimore and Ohio R. R. Co.*, 45 N. Y., 712.)

The contract then being that the goods should be sent in a refrigerator car through to St. Joseph, the question is, are the defendants liable upon the facts proven for the neglect or failure to trans-

port the goods in such car? The contract was for transportation over lines of several distinct and independent companies, and the bill of lading provides that the responsibility of these companies is to terminate on the delivery of the freight, as per this bill of lading, to the company whose line may be considered a part of the route, to the place of destination of said goods or packages. The "Red Line," over which these goods were to be carried, being made up of several different companies, it was perfectly competent for those companies to limit their liability by contract as expressed in the bill of lading. (*Ricketts* v. *Baltimore and Ohio R. R. Co.*, 59 N. Y., 637; *Belger* v. *Dinsmore*, 51 id., 166; *New Jersey, etc., Navigation Co.* v. *Merchants' Bank*, 6 How. [U. S.], 384; *Dorr* v. *New Jersey Nav. Co.*, 1 Kern., 485; *Nicholas* v. *N. Y. C. and H. R. R. R. Co.*, 4 Hun, 329.)

It is not pretended that the goods were not safely carried by the defendants over their route in a refrigerator car, nor that they were not delivered by the defendants to the Lake Shore and Michigan Southern Railroad Company, the next line, in good time and in good order and condition. The Court of Appeals held in *Ricketts* v. *Baltimore and Ohio R. R. Co.* (59 N. Y., 637) that, where a bill of lading contained a provision, in substance, that no connecting carrier should be held liable for any loss or damage to goods, except what occurred on its own route, the defendants could not be held responsible for loss or injury arising from the negligence of another carrier. I am, therefore, of the opinion that as the default alleged occurred upon one of the roads which took possession of the plaintiffs' goods, after the defendants had carried said goods over their own route safely and in good time, order and condition, and had delivered them to the next continuing line, any right of action which may have accrued to the plaintiffs does not exist against the defendants. I have examined the numerous cases cited by the learned counsel for the plaintiffs in his elaborate brief, but none of them appear to me to decide that, under such a bill of lading as I have had under consideration in this case, a company which has safely transported goods delivered to it over its own route, and transferred them to the next continuing line, is liable for any injuries which may happen to the goods at a subsequent

period in their transportation. There must, therefore, be judgment dismissing the complaint, with costs to the defendants."

We are entirely satisfied that the disposition of this case by the learned judge was in accordance with the law of this State, and we adopt his opinion as that of this court.

The judgment should be affirmed.

Davis, P. J., and Ingalls, J., concurred.

Judgment affirmed.